# In re Hilda COMPEAN-Guevara, Applicant

File A90 950 738 - San Antonio

*Decided May 11, 1995*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

To be eligible for relief under section 212(d)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(11) (Supp. V 1993), both a lawful permanent resident alien returning from a temporary trip abroad and an alien seeking admission or adjustment of status as an immediate relative or family-sponsored immigrant under sections 203(a)(1)-(3) of the Act, 8 U.S.C. §§ 1153(a)(1)-(3) (Supp. V 1993), must show that the object of the alien's smuggling attempt was the alien's spouse, parent, son, or daughter.

FOR APPLICANT: Mark J. Kass, Esquire, San Antonio, Texas

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Deitrich H. Sims, General Attorney

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA and HEILMAN, Board Members; HOLMES, Alternate Board Member

HEILMAN, Board Member:

## I. BACKGROUND

In a decision dated January 31, 1994, the Immigration Judge found the applicant excludable as charged and granted her application for a waiver of inadmissibility pursuant to section 212(d)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(11) (Supp. V 1993). The Immigration and Naturalization Service has appealed the granting of the waiver. The appeal will be sustained, and the applicant will be excluded and deported.

The applicant is a 31-year-old native and citizen of Mexico. She obtained lawful permanent residence in the United States in 1989. In 1992, upon her return from Mexico to the United States, the applicant was detained by the Service in the process of attempting to assist her brother-in-law to enter the United States illegally. The applicant conceded her role in the alien-smuggling incident, as alleged in the Order to Show Cause, as well as the attendant fact of her excludability.

The applicant explained that in October 1992 she traveled to Mexico to purchase provisions for her restaurant. Prior to her departure from the United States, she made arrangements with an alien smuggler in San Antonio, Texas, to cross her brother-in-law from Mexico into the United States. The smuggler accompanied the applicant to Mexico. The smuggler was to be paid $200 for his services. Apparently, the smuggler became inebriated and could not conduct the brother-in-law across the border himself. He therefore instructed the applicant to drive across the border with her brother-in-law in the car and to inform the immigration officer at the border that her brother-in-law was a United States citizen. In so doing, the applicant was apprehended and placed in these exclusion proceedings.

The applicant sought to apply for a waiver of excludability pursuant to section 212(d)(11) of the Act. The Immigration Judge found that, as a matter of law, the waiver related to two different classes of aliens and provided separate requirements for establishing statutory eligibility for each class. In particular, he agreed with the applicant that, to be eligible to apply for the waiver, those aliens seeking admission or adjustment of status as an immediate relative or family-sponsored immigrant were required to be related as a spouse, parent, son, or daughter, to the smuggled alien; however, returning lawful permanent resident aliens, such as the applicant, were not required to demonstrate any familial relationship to the smuggled alien. The Immigration Judge therefore held that the applicant was statutorily eligible to apply for the section 212(d)(11) waiver, and that the waiver should be granted in the exercise of discretion.

## II.  ISSUE

The issue presented in this case is whether section 212(d)(11) of the Act, as amended, created separate requirements for two different classes of aliens involved in alien smuggling.

## III.  STATUTORY HISTORY OF SECTION 212(d)(11)

### A.  Immigration Act of 1990

Prior to its amendment in 1990, section 212(a)(31) of the Act, 8 U.S.C. § 1182(a)(31) (1988), dealing with the inadmissibility of alien smugglers, required that the smuggling had to be "for gain" in order to trigger excludability.[1] The Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 (enacted Nov. 29, 1990) ("1990 Act") eliminated the element of gain.

---

[1] Former section 212(a)(31) of the Act included the following as among the classes of excludable aliens: "Any alien who at any time shall have, knowingly and for gain, encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." This provision has been revised and redesignated as section 212(a)(6)(E)(i) of the Act by section 601(a) of the Immigration Act of 1990, 104 Stat. at 5073-74.

Thus, irrespective of remuneration, an alien involved in the smuggling of other aliens is now excludable.[2]  In addition to removing the requirement of gain, Congress created a discretionary waiver of excludability, designated as section 212(d)(11) of the Act, for lawful permanent residents who attempted to smuggle in certain members of their immediate family, i.e., spouse, parent, son, or daughter.  *See* section 601(d)(2)(F) of the Immigration Act of 1990, 104 Stat. at 5076.

As originally enacted in the Immigration Act of 1990, section 212(d)(11) of the Act provided as follows:

> The Attorney General may, in his discretion for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest, waive application of clause (i) of subsection (a)(6)(E) in the case of any alien lawfully admitted for permanent residence who temporarily proceeded abroad voluntary [sic] and not under an order of deportation, and who is otherwise admissible to the United States as a returning resident under section 211(b) if the alien has encouraged, induced, assisted, abetted, or aided only the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.

## B.  Miscellaneous and Technical Immigration and Naturalization Amendments of 1991

Section 212(d)(11) was amended by section 307(d) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733, 1755 (enacted Dec. 12, 1991) ("1991 Amendments").  The amendment itself states the following:

> Section 212(d)(11) of the INA, as added by section 601(d)(2)(F) of the Immigration Act of 1990, is amended by inserting "and in the case of an alien seeking admission or adjustment of status as an immediate relative or immigrant under section 203(a) (other than paragraph (4) thereof)" after "section 211(b)."

Accordingly, the amended version of section 212(d)(11) currently provides:

> The Attorney General, may, in his discretion, for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest, waive application of clause (i) of subsection (a)(6)(E) in the case of any alien lawfully admitted for permanent residence who temporarily proceeded abroad voluntary [3] and not under an order of deportation, and who is otherwise admissible to the United States as a returning resident under section 211(b) *and in the case of an alien seeking admission or adjustment of status as an immediate relative or immigrant under section 203(a) (other than paragraph (4) thereof)* if the alien has

---

[2] Section 212(a)(6)(E)(i) of the Act now provides: "Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is excludable."

[3] An annotation to the 9th Edition of the Immigration and Nationality Act, prepared for the use of the Committee on the Judiciary of the House of Representatives, April 1992, notes that the word "voluntary" should read "voluntarily."  House Comm. on the Judiciary, 102d Cong., 2d Sess., *Immigration and Nationality Act with Notes and Related Laws* 86 n. 100 (Comm. Print, 9th ed. 1992).

encouraged, induced, assisted, abetted, or aided only the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law. (Emphasis added.)

## IV. STATUTORY INTERPRETATION

It is clear that section 212(d)(11), as originally enacted, was created for lawful permanent residents who attempted to smuggle in certain members of their immediate family, i.e., spouse, parent, son, or daughter. The question presented, however, is whether the amended version of section 212(d)(11) created separate waivers, one for lawful permanent residents returning from a temporary visit abroad and another for aliens seeking admission or adjustment of status as an immediate relative or family-sponsored immigrant under sections 203(a)(1)-(3) of the Act, 8 U.S.C. §§ 1153(a)(1)-(3) (Supp. V 1993), who must establish one of the specified familial relationships to the smuggled alien; or, whether the amendment to section 212(d)(11) simply expanded the classes of aliens eligible for a waiver by including certain aliens seeking admission or adjustment of status, in addition to admissible returning lawful permanent residents, thereby leaving the familial relationship requirement applicable for both classes. The applicant urges us to adopt the former interpretation, as did the Immigration Judge, whereas the Service contends that the latter is the correct reading of the statute.

### A. Applicant's Appellate Position

In the applicant's view, the familial relationship requirement under section 212(d)(11) no longer applies to returning lawful permanent residents. Rather, she asserts that the familial relationship requirement only affects aliens seeking admission or adjustment of status as immediate relatives or family-sponsored immigrants under sections 203(a)(1)-(3) of the Act. Therefore, according to the applicant, she need not demonstrate that the object of her smuggling attempt was her spouse, parent, son, or daughter in order to qualify to apply for the waiver.

The applicant asserts that the grammatical construction of the amended version of section 212(d)(11) mandates this conclusion. In particular, she argues that while the first clause of section 212(d)(11) refers to "any alien lawfully admitted for permanent residence who temporarily proceeded abroad," the second clause of that section, which is modified by the familial relationship requirement, addresses only aliens seeking admission or adjustment of status as an immediate relative or a family-sponsored immigrant under sections 203(a)(1)-(3) of the Act.

### B. Service's Appellate Position

The Service maintains that the 1991 Amendments did not alter the requirement that returning lawful residents seeking a section 212(d)(11)

waiver must have one of the enumerated family relationships to the smuggled alien. In its view, the original scheme established under the Immigration Act of 1990 remains intact following the amendment of section 212(d)(11). The Service argues that the 1991 Amendments simply expanded the classes of aliens who can seek a waiver in exclusion proceedings.

## V. ANALYSIS

The legislative history of the Immigration Act of 1990 does not discuss the rationale behind the changes made to the ground of exclusion for alien smugglers, including the creation of the waiver. However, parallel changes were made to the section dealing with alien smuggling as a ground for deportation.[4]

Although the purpose behind these changes is not discernible on the basis of legislative history, the intent of the scheme is apparent from its language. In particular, it is obvious that removal from both the exclusion and deportation grounds of the "for gain" requirement for alien smugglers resulted in the expansion of the class of offenders subject to penalty under the immigration laws. Concomitantly, the law provided a discretionary mechanism, which appears to have been designed to mitigate the increased stringency of these provisions under limited circumstances. *See* 68 Interpreter Releases, No. 10, March 18, 1991, at 310.

Our first recourse in interpreting a statute is to its language. *See INS v. Cardoza-Fonseca,* 480 U.S. 421, 431 (1987); *INS v. Phinpathya*, 464 U.S. 183, 189 (1984) (stating that the starting point in cases involving statutory construction must be the language employed by Congress, and it is assumed that the legislative purpose is expressed by the ordinary meaning of the words used). According to the plain words of section 212(d)(11), as originally enacted, an applicant may seek a waiver for humanitarian reasons, in the public interest, or in the interest of family unity provided that he enjoys lawful permanent resident status; the object of his attempt to smuggle is one of the family members designated under the Act; and, the departure from the United States, presumably as part of the smuggling attempt, was temporary in nature.

We agree with the Service that the purpose of the 1991 amendment to section 212(d)(11) was only to add additional classes of aliens who may apply

---

[4] Section 241(a)(1)(E)(iii) of the Act, 8 U.S.C. § 1251(a)(1)(E)(iii) (Supp. V 1993), which was created by section 602(a) of the Immigration Act of 1990, 104 Stat. at 5078, and provides a waiver for lawful permanent resident alien smugglers deportable under section 241(a)(1)(E)(i) of the Act, is virtually identical to section 212(d)(11), as originally enacted, in relevant part. Section 241(a)(1)(E)(ii) of the Act, added by the 1991 Amendments, exempts from deportation other classes of aliens who have engaged in smuggling. Both sections contain language identical to the section 212(d)(11) waiver, requiring that an alien seeking relief aided "only the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law."

for the waiver, i.e., those seeking admission or adjustment of status as imme-diate relatives or family-sponsored immigrants under sections 203(a)(1)-(3) of the Act, as opposed to exempting lawful permanent resident aliens from the familial relationship requirement. While it is true that an additional comma, i.e., that following the parenthetical phrase "(other than paragraph (4) thereof)," would clarify the statutory language, we do not view its absence to be fatal to the Service's interpretation of the statute. The addi-tional language created by section 307(d) of the 1991 Amendments was sim-ply inserted into section 212(d)(11) as written, with no grammatical adjustment. This type of clerical omission does not override the discernible sense of the statute. *See Matter of Grinberg,* 20 I&N Dec. 911 (BIA 1994).

We find no evidence to support the proposition that, in amending section 212(d)(11), Congress intended to remove the requirement for lawful perma-nent residents to show a specific family relationship. Such a change would significantly alter the purpose of the waiver as originally drafted. The scheme created by Congress in 1990 operated to render any smuggling of aliens an excludable or deportable offense except under the limited, discretionary exception created for lawful permanent residents. We view the amendments not to have changed this purpose, but to have broadened its application to cer-tain eligible immigrants in the exclusion context. To find otherwise would mean that returning lawful permanent residents could apply for the waiver irrespective of whether they had been paid or whom they had attempted to smuggle. This conflicts with our interpretation of the statute as expanding the class of excludable or deportable alien smugglers by removing the "for gain" requirement except under narrowly defined circumstances involving particu-lar family members. We can find no sense in creating one waiver in exclusion proceedings for lawful permanent residents and another for those seeking admission or adjustment of status as certain family members, or in treating lawful permanent resident aliens more generously in exclusion proceedings than in deportation proceedings. *See* David L. Neal et al., American Immi-gration Lawyers Association, *Summary of Title III of H.R. 3049: "Immigra-tion Technical Corrections Act of 1991," reprinted in* 68 Interpreter Releases, No. 47, Dec. 16, 1991, app. I at 1839 (interpreting section 212(d)(11) as amended by the 1991 Amendments to apply to permanent resi-dent aliens as well as aliens seeking admission or adjustment of status as an immediate relative or as a family-based immigrant, except for brothers and sisters of United States citizens).

## VI. CONCLUSION

In summary, we find that it is clear from the plain language of section 212(d)(11), as originally enacted, that Congress intended to require a particu-lar familial relationship between the alien and the person smuggled. We con-strue the amended version of section 212(d)(11) as expanding the classes of

aliens who are eligible for the waiver, which is a reasonable amplification of the original waiver, as opposed to creating separate waivers with separate requirements. Thus, we conclude that the requirement of establishing the specified familial relationship continues to be applicable to lawful permanent residents.

Based on the foregoing, the Service's appeal of the Immigration Judge's grant of a waiver under section 212(d)(11) will be sustained, and the applicant will be ordered excluded from the United States.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's order granting a waiver under section 212(d)(11) of the Act is vacated.

**FURTHER ORDER:** The applicant shall be excluded and deported from the United States.